UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES WANG,

    Petitioner,

vs.

Parole Officer CARLOS DE JESUS; State CDCR HEAD; DEPARTMENT OF CORRECTIONS; ELMWOOD FACILITY CHIEF; STATE ATTORNEY GENERAL; GOVERNOR OF STATE OF CALIFORNIA,

    Respondent.

No. C 10-4629 PJH (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED**

    This is a habeas case brought pro se by a petitioner currently on parole from a state conviction. It appears from petitioner's allegations in the petition that he was arrested for a parole violation and held for sixteen days. His statement that "[t]he case was already ruled against Agent De Jesus" suggests that after sixteen days he may have been found not to have violated his parole, although this is by no means certain.

    Petitioner presents four issues, contending that (1) his due process rights were violated by his arrest on an untrue ground; (2) there was no probable cause for the arrest, a violation of his Fourth Amendment rights; (3) his Eighth Amendment rights were violated when he was not given adequate medical care in custody; and (4) his Eighth Amendment rights were violated by his parole agent's false portrayal of him as an habitual criminal.

    The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* It appears from the petition that petitioner was in custody for sixteen days as a result of Agent De Jesus' actions, and no

longer is, although he may still be in custody as a result of the underlying conviction. It is also probable that because petitioner has been released the case is moot. *See Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987) (claim moot because petitioner cannot be released from served parole violation term).

Within thirty days of the date this order is entered petitioner shall show cause why this petition should not be dismissed for lack of jurisdiction or as moot. If he does not, the case will be dismissed.

**IT IS SO ORDERED.**

Dated: October 29, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\WANG4629.OSC-P.wpd

2