United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES WANG,

    Petitioner,

vs.

Parole Officer CARLOS DE JESUS; State CDCR HEAD; DEPARTMENT OF CORRECTIONS; ELMWOOD FACILITY CHIEF; STATE ATTORNEY GENERAL; GOVERNOR OF STATE OF CALIFORNIA,

    Respondents.
                                     /

No. C 10-4629 PJH (PR)

**ORDER DISMISSING CASE AS MOOT AND DENYING CERTIFICATE OF APPEALABILITY**

        This is a habeas case challenging a revocation of parole on January 5, 2010.

        In its initial review order the court noted that it appeared from the allegations in the petition that petitioner might not have been in custody when he filed the petition, and that the case might be moot because he had served the revocation term. He was ordered to show cause why the case should not be dismissed for those reasons.

        Petitioner has filed a "Motion to Amend" in response to the order to show cause. He does not address the court's concerns directly, but has attached a verified state habeas petition in which he clearly says that he was released in March of 2010, and he does not even suggest in his motion that he is still subject to any collateral effects of the revocation.

        A petitioner who seeks to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist if the underlying sentence has expired, *see Spencer v. Kemna*, 523 U.S. 1, 14-18 (1998), or if the term imposed for violating parole has been served, *see Cox v. McCarthy*, 829 F.2d 800, 803 (9th Cir. 1987) (claim moot because

petitioner cannot be released from term imposed for violating parole that he has already served).  This case is moot.

The motion for leave to amend (document number 6 on the docket) is **DENIED** as unnecessary, as the court ordered petitioner to show cause in the initial review order.  This case is **DISMISSED** as moot.  The pending motion for ruling (document number 9) is **DENIED** as moot.

Because reasonable jurists would not find the court's ruling on mootness debatable or wrong, a certificate of appealability is **DENIED**.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *see also* 28 U.S.C. § 2253(c) (COA requirement); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (standard).  Petitioner is advised that he may not appeal the denial of a COA, but he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure.  *See* Rule 11(a), Rules Governing § 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 30, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\WANG4629.DSM.wpd